## BARNEY v. CAIN.

1. LANDLORD AND TENANT : *Re-letting to tenant after judgment in unlawful detainer satisfies the judgment.*
   A re-letting of the premises to a tenant after recovering a judgment for possession against him, is a satisfaction of the judgment, and an execution on the judgment after the new lease will be enjoined.

APPEAL from *Garland* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

STATEMENT.

. On the thirtieth June, 1879, Annie C. Barney presented to the County Judge of Garland county, the Circuit Judge being absent from the county, her complaint in equity, alleging, in substance, that on the twenty-fifth day of April, 1878, she leased from the defendant, Louis D. Cain, a certain house and lot in Hot Springs (describing them), for the term of one year next following, at a monthly rent of $65, to be paid in advance, on the twenty-fifth day of each month. That she entered into possession and paid the rents promptly until September or October, when she was notified by Reynolds & Conger that Cain, in renting to her, had acted as their agent, and that she must pay the rents to them, and not to him. She then stopped paying until Reynolds & Conger and Cain should settle between them who was entitled to receive the rents; and thereupon Cain brought his action of unlawful detainer against her in the Circuit Court of Garland county, and on the seventh day of December, 1878, recovered judgment against her for possession and for $216 damages and cost. From this judgment she prayed an appeal, which was never perfected. That very soon thereafter Cain proposed to rent the premises to her at $50 per month, if she would recognize him, then and afterwards, as her landlord, and would not rent from Reynolds & Conger. She replied that her goods had been greatly damaged by the leakage of the house, far in excess of the $216 damages he had recovered against her, in fact to the amount of $400. He replied that he had reduced the rent $15 per month, and would offset his judgment for damages against her damages from leakage, and call it even. She accepted this proposition, and then and afterward recognized him as her landlord, and paid the rent regularly and promptly every month. By a subsequent agreement, made on the twenty-fifth of April, 1879, the

term was extended to a year from that date, and she continued as his tenant, and paid the rents up to the month of July, 1879. On the fifteenth day of June, she sub-let the premises to one Francis Cora, for a saloon and restaurant. Thereupon Cain refused to receive further rent from her, though tendered to him, and on the tenth day of July, 1878, had caused a writ of possession to be issued on said satisfied judgment, and delivered to the defendant, Nichols, sheriff of the county, to be executed, and was threatening also to issue executions to collect the damages recovered in said judgment. She claims that the judgment was satisfied by the contract of re-renting the premises as alleged, and prays that the defendant be enjoined from executing it.

A restraining order was granted by the County Judge, and served upon the defendants. At the return term of the Circuit Court Cain answered, denying some, and admitting and avoiding other material allegations in the complaint. He admits the receipt of rents, as alleged, subsequent to the judgment in the action of unlawful detainer, but says they were received for the rents previously due; and he had refrained from executing that judgment under the belief that the appeal from it had been perfected, and the judgment superseded, and that he could not execute it until affirmed by the Supreme Court. The answer is very long, but a further statement of it is unnecessary to a proper understanding of the questions decided by the court. At the following August term, the injunction was dissolved and the complaint dismissed by the Circuit Court, and the plaintiff appealed.

The evidence conduced to establish the facts stated in the complaint.

*G. W. Murphy,* for appellant:

The occupancy by appellant, and the receiving of rent,

9—37

Barney v. Cain.

under the new agreement, created a new tenancy, and satisfied the judgment at law. *Hall* v. *Meyers*, 43 *Md.*, 446; *Fry* v. *Patridge*, 73 *Ill.*, 51; *Usher* v. *Moss*, 50 *Miss.*, 208; *Schuyler* v. *Smith*, 51 *N. Y.*, 309; *Grant* v. *White*, 42 *Mo.*, 285; *Sullivan* v. *Enders*, 3 *Dana*, 66; *Jackson* v. *Salmon*, 4 *Wend.*, 327; *Walters* v. *Young*, 11 *R. I.*, 409; *Gun* v. *Sinclair*, 52 *Mo.*, 327; *People* v. *Gostee*, 64 *Barb.*, 477; *Collins* v. *Hasbrook*, 56 *N. Y.*, 157; *Taylor's Land. and Tenant*, 497–8–9; *Gaitside* v. *Outlay*, 58 *Ill.*, 210. The last three citations are especially relied on.

The injunction should not have been dissolved. *Specie* v. *Hoop*, 51 *Ind.*, 365; *Mosser* v. *Pequest M. Co.*, 26 *N. J. Eq.*, 200; *Young* v. *Grundy*, etc., 2 *Curtis' U. S. S. C.*, 317; *Pullan* v. *Cin. R. R. Co.*, 4 *Bis.*, 35. And it was the proper remedy. *Singer S. M. Co.* v. *Union B. & Co.*, 1 *Holmes*, 253; *High on Inj.*, secs. 187, 899, 900, 901, 902, 97, 86, 106; *Story Eq. Ju.*, secs. 876, 877, 721, 728, 729, 759, 760, 767, 718; *Chambers* v. *King*, etc., 16 *Kan.*, 270; *Robinson* v. *Reed*, 50 *Ala.*, 69; *Simmons* v. *Martin*, 53 *Ga.*, 620.

*J. M. Harrell*, for appellee:

The receipt of monthly rent did not create a new tenancy, nor satisfy the judgment, because appellee was entitled to the rent in any event. *Curd* v. *Farrar*, 47 *Iowa*, ——.

Where a defendant, by *his own act*, procures the re-lease of property, and comes again in possession, the judgment is not satisfied. *Biscoe* v. *Sandefur*, 14 *Ark.*, 568. Appellant prevented execution, and there was no satisfaction.

A *partial* satisfaction is not a good bar. *Whiting* v. *Beebe*, 12 *Ark.*, 421. There was no legal satisfaction. *Freeman on Judgments*, secs. 463, 480.

To sustain injunction, payment must distinctly appear. *Hilliard on Inj.*, 238, sec. 131. The remedy being ade-

Barney v. Cain.

quate at law, injuction would not lie. *Ib.*, 240, *sec.* 135 ; *Gantt's Digest, secs.* 2619, 2621 ; *Anthony* v. *Shannon,* 8 *Ark.*, 52 ; *Rose's Dig.*, *p.* 325.

Appellant's term ceased after her default, and she was liable under *sec.* 4019 *Gantt's Dig.*, and entitled to no relief. *Ib.*, 4020.

HARRISON, J. The evidence leaves no doubt upon the mind that the appellee, after he obtained his judgment against the appellant for the possession of the house and lot, rented it to her again and received rent from her for it, not only during the remainder of the time for which it had been originally rented, but for several months thereafter.

1. LAND-LORD AND TENANT: Re-letting to tenant after judgment against him for possession, satisfies judgment.

By the new agreement she again admitted his title, and held the house and lot as his tenant, and he obtained the possession, which he had recovered in his action, and the judgment therefor was satisfied and extinguished.

It can make no difference that the appellee supposed, as he very probably did, that the judgment was superseded, and he could not sue out a writ of possession until the appeal was determined, or whether it was superseded or not; for the appellant was at liberty, notwithstanding the appeal, and a supersedeas, if there had been one, at any time to surrender, as she virtually did do, the possession to him.

To obtain possession, upon her refusal to surrender it, after the expiration of the new lease, the appellee's remedy was by a new action.

According to the weight of evidence, as we think, it was a condition of the contract for the new letting, that the damages recovered and costs should be set off against her claim of damages to her goods by the leaking of the house; and in agreeing to their settlement in this way, he was influenced by his solicitude that the property should not, by her leaving it, get into the possession of Reynolds & Con-

ger, and which, by the new letting, he was endeavoring to prevent, and these also, were thereby satisfied and discharged.

The court below erred in refusing to decree a perpetual injunction against the whole judgment, and in dismissing the appellant's complaint, and its decree is reversed, and such a decree as should have been rendered there will be entered here.